**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

PAULA LE                                                    CIVIL ACTION

VERSUS                                                      CASE NO. 17-833

UNUM INSURANCE COMPANY OF AMERICA          JUDGE: NJB
                                                           MAGISTRATE JUDGE: KWR

**ORDER**

This is an action brought by Plaintiff Paula Le ("Plaintiff") for denial of long-term disability benefits under an employee welfare benefit plan ("the plan"), written through her employer, the Opelousas General Health System ("OGHS"), and insured by Defendant Unum Life Insurance Company of America ("Defendant").[1] On May 10, 2017, Plaintiff filed a petition in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, seeking damages as a result of the allegedly unreasonable denial of benefits under the plan.[2] On June 28, 2017, Defendant removed the case to the United States District Court for the Western District of Louisiana.[3]  In the Notice of Removal, Defendant asserted that the Court has original jurisdiction over this matter under 28 U.S.C. § 1331, because Plaintiff's claim is for benefits under an employee benefit plan governed by the ERISA and is completely preempted by ERISA.[4]

---

[1] Rec. Doc. 1-1.

[2] *Id.*

[3] Rec. Doc. 1.

[4] *Id.* at 2.

The parties filed cross motions for summary judgment on the issue of whether the plan is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").[5] On August 21, 2018, the Court issued an Order granting Plaintiff's motion, denying Defendant's motion, and holding that the employee benefit plan established and maintained by OGHS is a "governmental plan," which is exempt from ERISA coverage pursuant to 29 U.S.C. § 1003(b)(1).[6] Therefore, the Court found that it lacked federal question subject matter jurisdiction because ERISA does not preempt the state law claims raised by Plaintiff.[7] The Court also ordered the parties must submit briefing regarding whether subject matter jurisdiction exists over the case, on a ground not yet presented to the Court.[8]

On September 4, 2018, Defendant filed a memorandum stating that it was "unaware of any other ground to assert to support a claim that subject matter jurisdiction exists with this Court."[9] "Federal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte.*"[10] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[11] Accordingly,

---

[5] Rec. Docs. 11, 14. The parties refer to their respective motions as motions for summary judgment. However, the motions are in fact motions for partial summary judgment because they do not seek judgment on Plaintiff's underlying claims.

[6] Rec. Doc. 38.

[7] *Id.* at 36.

[8] *Id.* at 37.

[9] Rec. Doc. 39.

[10] *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

[11] 28 U.S.C. § 1447(c).

**IT IS HEREBY ORDERED** that that the above-captioned matter is **REMANDED** to the

27th Judicial District Court for the Parish of St. Landry, State of Louisiana

**NEW ORLEANS, LOUISIANA**, this _10th_ day of September, 2018.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

3